# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

BROOKE ASHLEY CLOUSE                                                                                    PLAINTIFF

v.                                              4:22-cv-00447-DPM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Brooke Ashley Clouse, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Ms. Clouse is young.  She is approaching her forty-first birthday.   (Tr. 43.)  She has past relevant work as a receptionist, front desk receptionist, salesperson of women's shoes and house cleaner.  (Tr. 19.)

The ALJ[1] first found Ms. Clouse had not engaged in substantial gainful activity since January 1, 2016 - the alleged onset date.  (Tr. 12.)   She has "severe" impairments in the form of vocal cord paralysis and trauma related disorder.  (Tr. 13.)   The ALJ further found Ms. Clouse did not have an impairment or combination of impairments meeting or equaling an impairment

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15.) The ALJ determined Ms. Clouse had the residual functional capacity (RFC) to perform a reduced range of light work given her mental and physical impairments. (Tr. 15.) Based on this RFC assessment and with the assistance of a vocational expert, (Tr. 54-57), the ALJ determined Ms. Clouse could perform her past relevant work as a house cleaner. (Tr. 19.) The ALJ further found that Plaintiff could perform the jobs of poultry deboner and price marker; jobs that exist in substantial numbers in the national economy. Accordingly, the ALJ determined Ms. Clouse was not disabled. (Tr. 20-21.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of her Complaint, Plaintiff argues Ms. Clouse is disabled because of her vocal cord paralysis "causing her to not be able to speak louder than a whisper." (Doc. No. 6 at 1.) Additionally, she has issues swallowing and breathing leading to complications with heart disease, depression, and anxiety. (*Id.*)

The ALJ considered the medical evidence pertaining to Plaintiff's vocal cord issues and concluded she could perform work at the light exertional level. After considering the evidence, he concluded:

> In reaching this decision, the undersigned has considered the fact that no medical professional ever opined to the claimant's complete inability to perform work activity secondary to any diagnosed condition or due to any associated symptoms. In addition, having considered the objective medical evidence in this case in its entirety, the undersigned acknowledges fully the claimant's history of loss of voice. However, the evidence as a whole, including evidence of the claimant's functioning on a day-to-day basis, does not support the degree of debilitating symptoms alleged. Certainly, the claimant's ability to remain active in the performance of routine daily activities or other activities is not conclusive as to her ability to engage in

---
[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial gainful work activity. However, such evidence comprises at least some of the factors the Administrative Law Judge can consider, in conjunction with other substantial evidence of record, in order to assess functional capability and to reach a conclusion as to whether the claimant is unable, because of diagnosed illnesses, injuries or conditions, to perform all work activity at every exertional level.

(Tr. 18.)

After careful review, I find the ALJ's RFC assessment is supported by substantial evidence. Plaintiff underwent a Language/Communicative Abilities Assessment at the request of the Social Security Administration. (Tr. 604-608.) This assessment revealed nothing disabling as it was determined that "Her speech was intelligible and judged to be good." (Tr. 608.)

She was later referred to a specialist and underwent a laryngoscopy. (Tr. 670-674.) She was assessed with paralysis of the vocal cords and larynx, bilaterally. (*Id.*) Later notes report Ms. Clouse "Still struggles with voice and breathing." (Tr. 981.) But the ALJ considered this evidence and there was nothing to suggest these issues are disabling.

I recognize Plaintiff's argument that her vocal cord issues lead to other, more debilitating issues. But the ALJ relied on the opinions of Margaret Podkova, Psy.D., William Harrison, M.D., (Tr. 79-117), Nicholas Rios, Psy.D., and Elizabeth Berry, M.D. (Tr. 120-163), who considered the entirety of Plaintiff's medical records. Regarding these doctors, the ALJ stated:

> The undersigned has also considered the opinions of the State agency's medical experts, William Harrison, M.D. (Ex. 3A), and Elizabeth Berry, M.D. (Ex. 7A), who both found the claimant capable of doing light work. These opinions are consistent with and supported by the medical records provided at the hearing level. They are therefore found the be persuasive.
>
> The undersigned has also considered the opinions of the State agency's mental health experts, Margaret Podkova, Psy.D. (Ex. 3A), and Nicholas Rios, Psy.D. (Ex. 7A), who both found the claimant capable of doing semi-skilled work for the current period. The undersigned has however decided that based on her emotional difficulties she is best restricted to unskilled work.

(Tr. 19.)

While I realize these doctors did not have the opportunity to examine or treat Ms. Clouse, they did thoroughly review her medical records in rendering their opinions. Their opinions constitute substantial evidence upon which the ALJ could rely. There is no basis to find fault in their well supported conclusions or the ALJ's reliance upon them.

Without question, Plaintiff suffers from some degree limitation. However, she has failed to meet her burden of proving she is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall medical evidence provides substantial support for the ALJ's RFC assessment in this case.

I realize there is some evidence in the record to support Plaintiff's claims. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.

*Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 20th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE